**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-cr-307 |
| v. | **OPINION & ORDER** |
| ANTHONY HUTCHERSON, | |
| Defendant. | |

**CECCHI**, **District Judge.**

Before the Court is defendant Anthony Hutcherson's ("Hutcherson") motion to dismiss the indictment with prejudice based on alleged violations of his Speedy Trial Act and Sixth Amendment rights. ECF 67. The Government opposed the motion, ECF No. 72, and Hutcherson replied, ECF No. 73. For the reasons stated below, the Court will dismiss the indictment without prejudice.

I.    **BACKGROUND**

On September 28, 2021, Hutcherson was approached by Newark police officers and, shortly thereafter, "started to run." ECF No. 65 at 1–3. During Hutcherson's subsequent arrest, officers recovered a loaded gun and 59 grams of marijuana. *Id.* at 3–4.

Hutcherson was charged by indictment dated April 22, 2022, with one count of unlawful possession of a firearm and ammunition—including hollow-point ammunition—by a convicted felon in violation of 18 U.S.C. § 922(g)(1). ECF No. 1. He pled not guilty to the § 922(g)(1) count at his arraignment on May 18, 2022. ECF No. 4. At his arraignment, Hutcherson was ordered detained. *Id.*; ECF No. 8. Hutcherson was later released on bail, ECF No. 21, which was then revoked pending trial, ECF Nos. 53–54.

1

Shortly after Hutcherson's arraignment, the parties agreed to, and the Court granted, the following continuances:

| ECF No. | Time Period Excluded |
|---|---|
| 10 | May 20, 2022, through August 1, 2022 |
| 12 | August 1, 2022, through October 1, 2022 |
| 13 | September 30, 2022, through December 1, 2022 |
| 14 | November 30, 2022, through February 28, 2023 |
| 20 | March 1, 2023, through May 1, 2023 |
| 26 | March 31, 2023, through August 3, 2023 |
| 33 | August 18, 2023, through October 16, 2023 |
| 37 | November 3, 2023, through February 3, 2024 |

And over the same period, the parties agreed to amend the Court's scheduling order six times, which in turn extended the pretrial motion briefing schedule six times:

| ECF No. | Extending Pretrial Motion Briefing Through |
|---|---|
| 19 | May 15, 2023 |
| 25 | July 14, 2023 |
| 29 | August 14, 2023 |
| 32 | October 16, 2023 |
| 35 | November 10, 2023 |
| 38 | December 1, 2023 |
| Note: The Court's original Scheduling Order set briefing on pretrial motions to close on September 30, 2022.  ECF No. 9. | |

In addition, on June 16, 2023, Hutcherson filed a motion to suppress, ECF 30, and an omnibus motion for pretrial disclosures, ECF No. 31.  The Government opposed these motions on November 3, 2023, ECF No. 36, and Hutcherson replied in support of his suppression motion on November 28, 2023, ECF No. 40.  On February 13, 2025, the Court held oral argument on the motion to suppress.  ECF No. 61; *see also* ECF No. 56 (January 6, 2025, Order setting a date for oral argument).  At the hearing, the Court asked Hutcherson's counsel to provide it with a copy of the PowerPoint the defense relied on during its presentation.  ECF No. 71 at 49:2–4.  The Court also noted that Hutcherson's omnibus motion, ECF No. 31, remained pending; directed the parties to discuss the issues presented therein; and stated that "it would be a good idea to update" the

motion in light of those discussions, ECF No. 71 at 49:13–24.  Then, Hutcherson (1) provided the Court with a copy of the PowerPoint on February 13, 2025, and (2) filed his omnibus motion for pretrial discovery on March 12, 2025.  ECF No. 62.

On November 13, 2025, Hutcherson's counsel "request[ed] an on-the-record telephonic status conference" on "the [then-]pending motion to suppress."  Def. Ex. A.  The next day, the Court scheduled a conference for December 18, 2025, for further discussion on the motion to suppress.  However, after outreach from Court staff, Hutcherson withdrew his request for a status conference on December 18, 2025.

On December 18, 2025, the Court denied Hutcherson's suppression and omnibus motions in a 19-page Opinion and Order.  ECF No. 65.  After the parties engaged in plea negotiations, Def. Ex. C; ECF No. 72 at 3–4, the Government requested a *Frye* hearing, which the Court held on April 7, 2026, ECF Nos. 66, 68.  Three days later, Hutcherson filed his motion to dismiss the indictment with prejudice on speedy trial grounds.  ECF No. 67.

## II.    DISCUSSION

Hutcherson asks the Court to dismiss the indictment with prejudice and presents two grounds for relief: the Speedy Trial Act and the Sixth Amendment of the U.S. Constitution.  As explained further below, neither the Speedy Trial Act nor the Sixth Amendment allows for dismissal of a serious indictment where, as here, the defendant fails to identify any significant trial-related prejudice and bears significant responsibility for the delay in his case.

### A.    Speedy Trial Act Claim

Hutcherson argues that more than 70 non-excludable days have elapsed since his first appearance in violation of his rights under the Speedy Trial Act (the "STA"), 18 U.S.C. §§ 3161–74. ECF No. 67 at 5–8.  The Court agrees, but disagrees as to the proper remedy.

### 1.    Whether Hutcherson's Speedy Trial Act Rights Have Been Violated

The Court agrees with Hutcherson and the Government that more than 70 non-excludable days have elapsed since Hutcherson's first appearance on May 18, 2022. *See* ECF No. 67 at 5–8; ECF No. 72 at 4. However, the Court—like the Government, ECF No. 72 at 4—does not agree with Hutcherson's primary calculation.[1] *See United States v. Noble*, 509 F. Supp. 3d 399, 405 (W.D. Pa. 2020) ("On a defendant's motion to dismiss an indictment for [STA] violations, the district court must identify and tally the days included on the speedy trial clock . . . ." (citation omitted)). Nevertheless, regardless of whether the Court adopts Hutcherson's primary calculation or uses its own calculation as outlined below, the resulting calculation would not change the Court's determination that a dismissal with prejudice is not warranted.

The STA "requires that a criminal defendant's trial commence within 70 days after he is charged or makes an initial appearance, whichever is later." *United States v. Owens*, No. 24-1533, 2025 WL 1143491, at *1 (3d Cir. Apr. 18, 2025) (citation omitted). But, for purposes of that 70-day clock, the STA "'exclude[s]' certain periods of time," *id.* (citation omitted), including delays resulting from "any pretrial motion" and any period of delay "resulting from a continuance granted by [a] judge on his own motion," "at the request of the defendant or his counsel," or "at the request of . . . the Government," 18 U.S.C. § 3161(h). Here, Hutcherson's STA clock began to run on May 19, 2022, the date after his first appearance.[2] ECF No. 4; *see* 18 U.S.C. § 3161(c)(1). And

---

[1] Hutcherson primarily argues that "no less than 422 days of non-excludable time have elapsed on the speedy trial clock." ECF No. 67 at 8. However, he also states that "under the most conservative calculation, 346 non-excludable days have elapsed on the speedy trial clock." *Id.* at 4, 8; *see also* ECF No. 73 at 1.

[2] "When calculating includable time, 'both the date on which an event occurs or a motion is filed and the date on which the court disposes of a motion are excluded.'" *United States v. Rinaldi*, No. 18-CR-279, 2020 WL 3288173, at *5 (M.D. Pa. June 18, 2020) (quoting *United States v. Lattany*, 982 F.2d 866, 872 n.6 (3d Cir. 1992)); *see, e.g.*, *United States v. Hamerling*, No. 15-MJ-7010, 2015 WL 4940898, at *3, *8 (D.N.J. Aug. 19, 2015).

Hutcherson's STA clock is currently paused because he filed his speedy trial motion on April 10, 2026, ECF No. 67, which has been fully briefed for less than 30 days, ECF Nos. 72–73; *see United States v. Adams*, 36 F.4th 137, 147–48 (3d Cir. 2022). So, the relevant period for the Court's STA analysis is May 19, 2022, to April 9, 2026.

The STA clock was paused for a significant portion of this period. To start, Hutcherson agreed to exclude 594 days from the STA clock, as he consented to eight continuances. ECF Nos. 10, 12–14, 20, 26, 33, 37. Moreover, toward the end of the parties' sixth continuance, Hutcherson filed his suppression and omnibus motions on June 16, 2023, which separately paused the STA clock. ECF Nos. 30–31; *see Adams*, 36 F.4th at 147 ("Section 3161(h)(1)(D) of the [STA] provides that the clock is tolled from the filing of 'any pretrial motion' until the 'conclusion of the hearing on, or other prompt disposition of, [that] motion.'" (citation omitted)). At the oral argument on Hutcherson's suppression motion, the Court noted that Hutcherson's omnibus motion remained pending, directed the parties to confer on discovery issues, and advised Hutcherson that "[y]ou can file a new motion as to what you expect to be provided." ECF No. 71 at 49:13–24. Hutcherson then filed his omnibus motion on March 12, 2025. ECF No. 62. Accordingly, Hutcherson's pretrial motions paused the STA clock until April 11, 2025, *i.e.*, 30 days after Hutcherson filed his omnibus motion for pretrial disclosures on March 12, 2025.[3] *See Adams*, 36 F.4th at 148; *see also* ECF No. 72 at 4. Further, one additional day is excludable because the Court conducted a *Frye* hearing on April 7, 2026. ECF No. 68; *see United States v. Erickson*, No. 19-CR-7, 2020 WL 3001047, at *5 (D.V.I. June 3, 2020) ("[H]earings and conferences before the court toll the speedy

---

[3] Even assuming that the STA clock began to run again 30 days after the Court received Hutcherson's PowerPoint, *i.e.*, on March 15, 2025, this finding would not have any material impact on the Court's STA analysis and would not alter the Court's determination that a dismissal with prejudice is not warranted.

trial clock for the day they are held."). As such, as detailed in the table below, 363 non-excludable days[4] have run on the STA clock.[5] Thus, because Hutcherson "was not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the Court must dismiss the indictment." *United States v. Green*, 471 F. Supp. 3d 577, 588 (M.D. Pa. 2020).

---

[4] The Court's analysis takes into account days where the STA clock was paused because of both a continuance and Hutcherson's motions or days where the STA clock was paused based on two separate, but overlapping, continuances. In other words, the Court's tally of excludable days does not double count.

[5] Although the Court relies on the analysis detailed above, it also notes that it contemplated the potential for further submissions or arguments from the parties on the suppression motion, ECF No. 72 at 49:5–6, and on November 14, 2025, it scheduled a conference for December 18, 2025— at Hutcherson's request—to further address the suppression motion. And although Hutcherson ultimately withdrew his request for that conference on December 18, 2025, to the extent that the pendency of that conference paused the STA clock, additional time would have been excluded through December 18, 2025. *Rinaldi*, 2020 WL 3288173, at \*10 ("An anticipated hearing can toll the [STA] clock." (quoting *United States v. Holmes*, 508 F.3d 1091, 1096 (D.C. Cir. 2007))); *United States v. Beler*, No. 19-MJ-100, 2019 WL 5789747, at \*8 (D.D.C. Nov. 6, 2019) ("'[A]n anticipated hearing can toll the speedy trial clock' even if it is never held." (quoting *Holmes*, 508 F.3d at 1096)); *see Adams*, 36 F.4th at 148 ("[I]f the court determines a hearing is warranted to allow for additional evidence or argument before taking a motion under advisement, the Speedy Trial Act 'exclude[s] all time between the filing of and the hearing on a motion whether that hearing was prompt or not.'" (second alteration in original) (citation omitted)); *United States v. Bailey*, No. 15-CR-6082, 2017 WL 663578, at \*5 (W.D.N.Y. Feb. 18, 2017) ("A motion is taken under advisement 'once the court has everything it expects from the parties prior to making its decision.'" (citation omitted)); *see also, e.g.*, *United States v. Maxwell*, 351 F.3d 35, 40 (1st Cir. 2003) (finding that the STA clock was paused from March 5, 2002, through November 1, 2002, where the defendant filed a motion to sever on March 5, 2002; the district court scheduled a conference for November 1, 2002, in order to set oral argument on the motion to sever; and the defendant withdrew the motion to sever at the November 1, 2002, status conference). Nonetheless, the Court's tally of 363 non-excludable days as detailed above does not rely on the planned December 2025 status conference to pause the STA clock.

| ECF No. | Exclusion Type | Time Period Excluded | Excludable Days |
|---|---|---|---|
| 10, 12–14, 20, 26 | Continuance | May 20, 2022, through August 3, 2023 | 441 |
| 30, 31 | Pretrial Motions | August 4, 2023, through August 17, 2023 | 14 |
| 33 | Continuance | August 18, 2023, through October 16, 2023 | 60 |
| 30, 31 | Pretrial Motions | October 17, 2023, through November 2, 2023 | 17 |
| 37 | Continuance | November 3, 2023, through February 3, 2024 | 93 |
| 30, 31, 62 | Pretrial Motions | February 4, 2024, through April 11, 2025 | 433 |
| 68 | *Frye* Hearing | April 7, 2026 | 1 |
| | | **Total Excludable Days:** | **1,059** |

Note: Total days (May 19, 2022, through April 9, 2026: 1,422) minus total excludable days (1,059) equals 363 non-excludable days.

## 2.    Whether Dismissal Should Be With or Without Prejudice

Hutcherson argues that the Court should dismiss the indictment with prejudice.  ECF No. 67 at 8.  The Court disagrees and will dismiss without prejudice.  The STA requires that courts consider the following factors in determining whether a dismissal should be with or without prejudice: "[1] the seriousness of the offense; [2] the facts and circumstances of the case which led to the dismissal; and [3] the impact of a reprosecution on the administration of this chapter and on the administration of justice."[6]  18 U.S.C. § 3162(a)(2).  The "district court must carefully consider th[ese] factors as applied to the particular case and, whatever its decision, clearly articulate their

---

[6] The Supreme Court has instructed courts to consider the presence or absence of prejudice to the defendant.  *United States v. Taylor*, 487 U.S. 326, 334 (1988); *United States v. Cox*, 553 F. App'x 123, 129 (3d Cir. 2014).  The Court will integrate this consideration within the third factor.  *See United States v. Stevenson*, 832 F.3d 412, 422 n.8 (3d Cir. 2016); *United States v. Wong*, No. 22-CR-72, 2024 WL 2328213, at *14 (M.D. Pa. May 22, 2024).

effect in order to permit meaningful appellate review."  *Stevenson*, 832 F.3d at 419 (citation omitted).

The first factor of the seriousness of the offense weighs heavily against a dismissal with prejudice.  "This element 'centers primarily on society's interest in bringing the particular accused to trial.'"  *Id.* (citation omitted).  Hutcherson was indicted under § 922(g)(1), ECF No. 1, which Hutcherson himself admits is a "serious" offense, ECF No. 67 at 9; *see Stevenson*, 832 F.3d at 420 (holding that "firearms offenses are serious crimes for purposes of the" STA); *United States v. Palmer*, No. CR 22-282, 2024 WL 3952074, at *5 (D.N.J. Aug. 27, 2024) (collecting cases finding that § 922(g)(1) offenses are serious); *Green*, 471 F. Supp. 3d at 590.  Indeed, Hutcherson faces a 10-year statutory maximum sentence, ECF No. 72 at 5; *Palmer*, 2024 WL 3952074, at *6 ("Palmer's exposure to a ten-year maximum sentence also weighs in favor of treating his charge as 'serious' under the [STA]."), and Congress increased the statutory maximum for § 922(g)(1) to 15 years shortly after the alleged conduct at issue in this case took place, *United States v. Franklin*, No. 22-6034, 2023 WL 3730443, at *1 n.1 (10th Cir. May 31, 2023) (noting the increased statutory maximum for § 922(g)(1) offenses); *see United States v. Koerber*, 813 F.3d 1262, 1276 (10th Cir. 2016) ("One way the district court can measure the seriousness of an offense is by considering the length of sentence Congress has adopted for that offense.").  Additionally, the alleged facts of this case exemplify the serious nature of § 922(g)(1) charges.  Hutcherson is accused of possessing a firearm loaded with "five rounds of hollow-point ammunition . . . and one round of ball ammunition" as a previously convicted felon.  ECF No. 1; *see United States v. Newkirk*, 174 F.4th 336, 345 (3d Cir. 2026) (noting that "hollow-point ammunition" is "designed to expand on contact and cause aggravated wounds" (citation omitted)).

8

The second factor does not weigh in favor of dismissal with prejudice. This factor requires the Court "to consider the reasons for the delay: did it stem from 'intentional dilatory conduct' or a 'pattern of neglect on the part of the Government,' or rather, from a relatively benign hitch in the prosecutorial process?" *Stevenson*, 832 F.3d at 420 (citation omitted). And during this inquiry, the Court must also consider its own conduct. *Green*, 471 F. Supp. 3d at 591. To the extent there is delay attributable to the Court, that delay is grouped with delay attributable to the Government. *Id.*; *see also Noble*, 509 F. Supp. 3d at 412–14.

Concerning delay, Hutcherson does not point to any bad faith or intentional dilatory conduct aimed at delaying trial. *See Taylor*, 487 U.S. at 339; *United States v. Jones*, No. 20-2765, 2021 WL 6337787, at *1 (3d Cir. Sept. 10, 2021) ("None of this reflects 'bad faith' or intentional delay to 'gain some tactical advantage.'" (citation omitted)); *Green*, 471 F. Supp. 3d at 592 ("[E]ven if the Court were to attribute some degree of negligence to the conduct of the Government and the Court, such conduct would not warrant dismissal with prejudice because there is no evidence of bad faith with respect to Defendant or a pattern of neglect by the local United States Attorney.").

Hutcherson also omits critical context surrounding the delay. For example, Hutcherson now characterizes his "motion to suppress [as] not particularly complicated," ECF No. 67 at 10; *id.* at 12 (characterizing the suppression motion as a "straightforward pretrial motion"), but previously represented the opposite at the hearing on his suppression motion, ECF No. 71 at 34:1–2 (Hutcherson's counsel stating that the case is "complicated" and apologizing that his presentation "complicated" the issues raised in the defense's motion). Indeed, the Court held a lengthy oral argument on the suppression motion, ECF No. 61, at which Hutcherson's counsel relied on a PowerPoint to present his arguments, ECF No. 71 at 4:5. Additionally, Hutcherson's counsel in

9

mid-November 2025 "request[ed] an on-the-record telephonic status conference" on "the [then-] pending motion to suppress," Def. Ex. A, which the Court scheduled the following day for December 18, 2025, to allow the parties to further address the motion to suppress. And even though the Court cancelled the status conference after Hutcherson's counsel withdrew his request, the pendency of the status conference in late 2025 undermines Hutcherson's argument on this factor. Similarly, Hutcherson omits the fact that the parties were in plea discussions after the Court issued its lengthy Opinion and Order denying his suppression and omnibus motions.[7] Def. Ex. C; ECF No. 72 at 3, 7 ("Additional delays after issuance of this Court's opinion resulted from Hutcherson's request for more time to decide if he wanted to plead guilty."); *see Jones*, 2021 WL 6337787, at *1.

The third factor similarly fails to support a dismissal with prejudice. This factor requires the Court to consider the impact of reprosecution and courts typically consider "whether the defendant suffered actual prejudice as a result of the delay and whether the government engaged in prosecutorial misconduct that must be deterred to ensure compliance with" the STA. *Stevenson*, 832 F.3d at 422 (citation omitted). Prejudice can "include both '(1) trial prejudice, *i.e.*, prejudice in the defendant's ability to mount a defense at trial, and "(2) non-trial prejudice," such as restrictions on the defendant's liberty and any "impact [of his incarceration] on his life circumstances." *Palmer*, 2024 WL 3952074, at *9 (alteration in original) (citation omitted).

---

[7] Hutcherson's motion also extensively cites his counsel's informal communications with Court staff. *See, e.g.*, ECF No. 67 at 2–3. But Hutcherson leaves out certain communications that provide additional context. For example, on February 2, 2024, Court staff emailed the parties a reminder that their then-operative joint continuance was set to expire the next day. In addition, on February 10, 2026, Court staff emailed the parties to ask about the status of the case and stated that "[w]e need to move this along and need a continuance as well. Scheduling order, Frye hearing, etc." Def. Ex. C.

Hutcherson concedes the absence of trial prejudice.  *See* ECF No. 67 at 12 ("[I]t is hard to point to any case-specific prejudice at this stage.").  Instead, he relies on non-trial prejudice and argues that the delay here has significantly impacted his "life and liberty."  *Id.* (citing, without detail, deterioration of "mental and physical health" and "familial relationships," as well as his inability to "seek employment, get needed healthcare, and start to rebuild his life" because of a "deni[al]" of the "resolution of this case and the opportunity to contest the charge against him at trial").  Notwithstanding his arguments on non-trial prejudice, "[i]t is well-settled that prejudice because of delay alone is generally not enough to warrant dismissal with prejudice."[8] *United States v. Done*, No. CRIM.A. 09-601, 2011 WL 3912756, at *4 (D.N.J. Sept. 6, 2011), *aff'd*, 589 F. App'x 49 (3d Cir. 2015); *see also Jones*, 2021 WL 6337787, at *2 ("Unable to specify harm to his defense, Jones argues that prolonged pretrial detention is inherently prejudicial.  That is true, but not enough."); *United States v. Summage*, 575 F.3d 864, 874 (8th Cir. 2009) (noting that a "serious delay alone does not require a dismissal with prejudice"); *United States v. Cisse*, No. MAG 12-3722, 2025 WL 2412777, at *5 (D.N.J. June 25, 2025) (finding that delay did not "counsel in favor

---

[8] This holds true even where more than 400 days have run on the STA clock.  *See, e.g.*, *United States v. Jones*, 213 F.3d 1253, 1256 (10th Cir. 2000) ("We do not need to reach the question of whether the district court correctly calculated the number of non-excludable days because we conclude that, even if Mr. Jones' contention that 414 non-excludable days passed is correct, the district court did not abuse its discretion in dismissing the indictments without prejudice."); *United States v. Felix*, No. CR 20-2, 2026 WL 686425, at *10 (D.V.I. Mar. 11, 2026) ("We recognize well over 400 non-excludable days have passed since his November 2024 motion creating a significant delay in this case.  But even a significant delay is not dispositive."); *United States v. Alexander*, No. 20-CR-26, 2024 WL 3299758, at *8 (D.V.I. July 2, 2024) (dismissing without prejudice where the STA clock had run for 564 non-excludable days because of "oversight by the Court" and other factors weighed in favor of dismissal without prejudice); *see also, e.g.*, *United States v. Toombs*, 713 F.3d 1273, 1281 (10th Cir. 2013) (affirming district court's dismissal of indictment without prejudice where "at minimum 350 non-excludable days" had run on the STA clock).  Indeed, the STA creates "no bright-line rules" that govern a court's determination of whether to dismiss with or without prejudice.  *United States v. Sykes*, 614 F.3d 303, 310 (7th Cir. 2010) (noting that "a delay of 224 non-excludable days does not by itself require dismissal with prejudice").

of a dismissal with prejudice" where "there [was] no clear evidence that delays in this prosecution have affected Defendant's ability to prepare a defense"), *report and recommendation adopted*, No. CR 25-450, 2025 WL 2412510 (D.N.J. Aug. 19, 2025).

As for deterrence, Hutcherson argues that "[i]f such an extreme violation of the [STA] does not result in dismissal with prejudice, the [STA] is effectively toothless, and courts can delay criminal cases indefinitely without consequence or regard for defendants' speedy trial rights." ECF No. 67 at 12. But as explained above, "there is no evidence of the kind of . . . misconduct the [STA] was enacted to proscribe." *Cisse*, 2025 WL 2412777, at *5. Additionally, a dismissal without prejudice imposes real costs on the Government and therefore is more than a nominal penalty. *Stevenson*, 832 F.3d at 423 ("Dismissal without prejudice is not a toothless sanction: it forces the Government to obtain a new indictment if it decides to reprosecute, and it exposes the prosecution to dismissal on statute of limitations grounds." (quoting *Taylor*, 487 U.S. at 342)).

*     *     *

Notwithstanding the delay in this case, the Court concludes that dismissal without prejudice is the appropriate remedy under the STA. 18 U.S.C. § 3162(a)(2). Hutcherson was charged with a very serious crime and the delay in this case is not the result of any devious conduct aimed at delaying trial or otherwise disadvantaging Hutcherson at trial. In fact, Hutcherson concedes that he has not suffered any prejudice in his ability to defend himself in this case. As such, the Court will dismiss the indictment without prejudice. *See United States v. Sampson*, No. 07-CR-389, 2011 WL 1357526, at *11 (M.D. Pa. Apr. 11, 2011) ("When the crime is serious, the court should dismiss with prejudice only for a *correspondingly* serious or prejudicial delay." (emphasis added) (citation omitted)).

### B.    Sixth Amendment Claim

Hutcherson also argues that his Sixth Amendment speedy trial right has been violated.  The Court disagrees.  To evaluate whether a criminal defendant's constitutional speedy trial right has been violated, courts look to the following four factors: (1) "the length of delay," (2) "reason for the delay," (3) "extent to which the defendant asserted his speedy trial right," and (4) "the prejudice suffered by the defendant."  *United States v. Battis*, 589 F.3d 673, 678 (3d Cir. 2009).  The Court will analyze these factors in turn.

The first factor weighs in favor of Hutcherson, as the delay in this case is sufficient to justify "further inquiry."  *Hakeem v. Beyer*, 990 F.2d 750, 760 (3d Cir. 1993); *see also Battis*, 589 F.3d at 678–79.

The second factor weighs against Hutcherson, because Hutcherson bears responsibility for delay.  In making this inquiry, the Court "must calculate the delay attributable to each party and differentiate the delay caused by Defendant from that caused by the Government."  *United States v. Davenport*, 729 F. Supp. 3d 475, 487 (W.D. Pa. 2024).  Here, the Court finds that a significant portion of the relevant delay is attributable to Hutcherson.  Hutcherson agreed to eight continuances that covered the periods from (1) May 20, 2022, through August 3, 2023, ECF Nos. 10, 12–14, 20, 26; (2) August 18, 2023, through October 16, 2023, ECF No. 33; and (3) November 3, 2023, through February 3, 2024, ECF No. 37.  These continuances alone account for a high percentage of the relevant delay.  In addition, Hutcherson agreed to amend the Court's scheduling order six times, which collectively pushed the close of briefing on pretrial motions from September 30, 2022, to December 1, 2023.  *See* ECF Nos. 9, 19, 25, 29, 32, 35, 38.  Moreover, Hutcherson filed comprehensive suppression and omnibus motions and was allowed oral argument, which all required careful consideration by the Court.  *See United States v. Hafner*, No. CR 19-790, 2021

13

WL 1873560, at *4 (D.N.J. May 10, 2021); *see also United States v. Hunt*, 169 F.4th 766, 772 (8th Cir. 2026). And the remaining delay was not the result of "[a] deliberate effort by the Government [or the Court] to delay the trial in order to hamper the defense," and therefore does not weigh heavily in Hutcherson's favor. *United States v. Claxton*, 766 F.3d 280, 295 (3d Cir. 2014) (citation omitted). In sum, given his role in the relevant delay, Hutcherson simply "cannot . . . have it both ways" and credibly argue that his constitutional rights have been violated. *United States v. Shulick*, 290 F. Supp. 3d 332, 342 (E.D. Pa. 2017), *aff'd*, 994 F.3d 123 (3d Cir. 2021), *opinion amended, superseded & aff'd*, 18 F.4th 91 (3d Cir. 2021).

The third factor also does not suggest that Hutcherson has suffered a Sixth Amendment violation. Although Hutcherson points to informal communications with Court staff inquiring about the status of his motions and two letters he filed on the docket, he acknowledges that "most of these emails and letters did not mention [his] speedy trial rights." ECF No. 67 at 15. Indeed, in these communications, Hutcherson did not explicitly raise speedy trial issues until August 2025, ECF No. 63 at 1, more than three years after his indictment, *see United States v. Jamea*, No. 24-2457, 2026 WL 1506757, at *6 (3d Cir. May 29, 2026) ("Jamea did not assert his speedy trial rights until a June 2023 status report, four years after his indictment."). As such, these communications do not show "frequen[t] [or] force[ful]" assertions of his speedy trial rights. *United States v. Velazquez*, 749 F.3d 161, 182 (3d Cir. 2014) (citation omitted); *see also Battis*, 589 F.3d at 681 (discounting "informal correspondence" when evaluating whether a defendant forcefully asserted his speedy trial rights (citation omitted)). In addition, Hutcherson failed to raise speedy trial issues with the Court at the oral argument on his suppression motion, despite the Court asking both parties whether they had "[a]nything else" to discuss. ECF No. 71 at 49:13. Additionally, the pending motion is Hutcherson's only motion related to his speedy trial rights,

14

which he made over eight months after he first raised speedy trial issues with the Court, ECF No. 63, and nearly four months after the Court decided his suppression and omnibus motions, ECF No. 65; *see Jamea*, 2026 WL 1506757, at \*6; *United States v. Rowland*, No. CR 18-579-2, 2022 WL 445769, at \*3 (E.D. Pa. Feb. 11, 2022); *United States v. Dean*, No. 17-CR-15, 2021 WL 859388, at \*7 (M.D. Pa. Mar. 8, 2021). Thus, Hutcherson's failure to diligently raise speedy trial issues "make[s] it difficult for [him] to prove that he was denied a speedy trial." *Johnston v. Mahally*, 348 F. Supp. 3d 417, 440 (E.D. Pa. 2018) (first alteration in original) (citation omitted); *see also United States v. Garcia*, 59 F.4th 1059, 1069 (10th Cir. 2023) ("[T]he third 'factor weighs against a defendant who requests continuances and waits for months to assert his speedy trial right.'" (citation omitted)); *United States v. Hawari-Rasulullah*, No. 21-CR-66, 2022 WL 17340627, at \*10 (M.D. Pa. Nov. 30, 2022) ("[T]o the extent that promptness in asserting the right is important, then [a defendant's] silence . . . works against him because it suggests that any hardships he suffered were either minimal or caused by other factors." (alterations in original) (citation omitted)).

The fourth factor similarly does not indicate that Hutcherson's Sixth Amendment speedy trial right has been violated. "Courts generally evaluate three types of prejudice that can result from an improperly delayed trial: oppressive pre-trial incarceration, anxiety and concern, and impairment of the defense." *United States v. Villalobos*, 560 F. App'x 122, 127 (3d Cir. 2014). On pre-trial incarceration, although Hutcherson argues that he was assaulted by an inmate at Essex County jail, ECF No. 67 at 16–17, he does not detail this incident or when it occurred. With respect to anxiety and concern, "[v]ague allegations of anxiety are insufficient to state a cognizable claim," and that is all Hutcherson presents. *Hakeem*, 990 F.2d at 762. And finally, concerning impairment of his defense, Hutcherson relies on what he claims is a "presumption of prejudice."

15

ECF No. 67 at 16–17 (citing *Battis*, 589 F.3d at 683).  But the Third Circuit has instructed that "[t]his presumption of prejudice can be mitigated by a showing that the defendant acquiesced in the delay," which is exactly the case here.  *Battis*, 589 F.3d at 682; *see, e.g.*, *Jones*, 2021 WL 6337787, at *2 ("[T]he presumption is offset by Jones's 'acquiesce[nce] in the delay,' as he agreed to many of the government's continuances." (second alteration in original) (citation omitted)).  Beyond this, Hutcherson does not explain how the delay in this case has hampered his ability to defend himself.  *See United States v. Okoro*, No. 12-CR-241, 2022 WL 402693, at *6 (M.D. Pa. Feb. 9, 2022) ("[T]he [G]overnment has persuasively mitigated or overcome the presumption by showing that Okoro acquiesced in the delay. . . .  Any presumption of prejudice therefore does not ultimately weigh in Okoro's favor.").

*          *          *

"A criminal defendant may not delay his trial and then complain that it took too long." *Jones*, 2021 WL 6337787, at *1.  Hutcherson is no exception.  He is responsible for a significant portion of the delay in this case and did not appropriately or diligently raise speedy trial issues.  Moreover, Hutcherson does not explain how his defense has been impaired because he is still awaiting trial.  As such, the Court finds that no Sixth Amendment violation has occurred.

III.     **CONCLUSION**

Accordingly, **IT IS** on this 18th day of June 2026:

**ORDERED** that Hutchenson's motion (ECF No. 67) is **GRANTED IN PART** and **DENIED IN PART**; and it is further

**ORDERED** that the indictment (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED.**

*/s/ Claire C. Cecchi*
**CLAIRE C. CECCHI, U.S.D.J.**

16